------------------------------------------------------X
ANNETTE GIORDANO, et al.,

                    Plaintiffs,

-against-

NORWEGIAN CRUISE LINE

                    Defendant.
------------------------------------------------------X

06-cv-1270
(SJF)(ETB)

**OPINION & ORDER**

FEUERSTEIN, J.

I.    Introduction

Plaintiffs Annette and Biaggio Giordano ("Plaintiffs") commenced this action in New York State Supreme Court, Suffolk County, on January 13, 2006 asserting claims of negligence and loss of consortium arising out of an alleged injury sustained by Annette while on board a cruise ship owned by defendant Norwegian Cruise Line ("Defendant"). Defendant removed the action to this Court on March 20, 2006 on the basis of diversity jurisdiction. On April 21, 2006, Defendant advised the Court of its intention to move for dismissal or, in the alternative, transfer to the Southern District of Florida on the basis of a contractual limitation contained in the tickets purchased by Plaintiffs. On May 3, 2006, the parties advised the Court that they "have come to an agreement to have this matter transferred to the proper jurisdiction in United States District Court for the Southern District of Florida in Miami."[1]

II.    Analysis

When an action is filed in an improper venue or district, 28 U.S.C. § 1406(a) vests this Court with the authority to "dismiss, or if it be in the interest of justice, transfer [a] case to any district or division in which it could have been brought." This provision vests broad discretion

---

[1] A copy of the May 3, 2006 letter is attached to this Order.

with the court to transfer a case. <u>In re Cuyahoga Equip. Corp.</u>, 980 F.2d 110, 116 (2d Cir. 1992).

It is well-established that a passenger ticket such as the one at issue is a maritime contract and governed by United States maritime law. <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585 (1991). The passenger tickets purchased by Plaintiffs provided, <u>inter alia</u>, that

> any and all claims, disputes or controversies whatsoever arising from, related to, or in connection with this Contract or the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County Florida, U.S.A., to the exclusion of the Courts of any other country, state, city or county.

<u>See</u> Exhibit to Apr. 21, 2006 Letter, ¶ 22. In light of the presumptive validity of a forum selection clause in a maritime contract, <u>Lurie v. Norwegian Cruise Lines</u>, 305 F. Supp. 2d 352, 357 (S.D.N.Y. 2004), as well as the parties' express consent to a transfer, the Court finds it to be in the interests of justice to transfer this action to the United States District Court for the Southern District of Florida.

The Clerk of this Court is directed to transfer this case to the United States District Court for the Southern District of Florida. That provision of Rule 83.1 of the Local Rules of the Southern and Eastern Districts of New York which requires a five day delay is waived.

IT IS SO ORDERED.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: May 4, 2006
Central Islip, New York

2

To:

George Charles Vlachos
One Suffolk Square, Suite 220
Islandia, NY 11722

Gregory O'Neill
Gordon S. Arnott
Daniel J. McInerney, Jr.
Hill, Betts, & Nash, LLP.
One World Financial Center
200 Liberty Street, 26th Floor
New York, NY 10281